IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DISTRICT

| | |
|---|---|
| SAVINO DEL BENE, U.S.A., INC., | ) |
| | ) |
| Plaintiff, | ) |
| vs. | ) |
| | ) 1:11-cv-6103 |
| THE HARTFORD FINANCIAL SERVICES | ) |
| GROUP, INC., HARTFORD FIRE INSURANCE | ) Hon. Judge Edmond E. Chang |
| COMPANY, and MADSON, DRISCOLL & DAMICO, | ) |
| LLP, | ) |
| Defendants. | ) |

## PLAINTIFF'S REPLY MEMORANDUM IN SUPPORT IF ITS MOTION TO REMAND TO STATE COURT

Plaintiff, SAVINO DEL BENE, U.S.A., INC. ("Savino") by its undersigned attorneys, Klevatt & Associates, LLC, hereby moves to remand this action to Illinois state court, and in support thereof and in reply to Defendants Hartford Financial and Hartford Fire ("Hartford") states as follows:

Defendants concede that there is no diversity in this case. The fact that Hartford has submitted case support showing a split in jurisdictions does not negate the *possibility* that Plaintiff has set forth a valid cause of action against the non-diverse defendant (MDD).

Defendants also incorrectly asserts that Plaintiff must establish a "reasonable probability" that a cause of action lies against MDD, when in fact it is Defendants' heavy burden to establish that there is "no possibility" that Plaintiff can establish a cause of action against the non-diverse defendant in the Circuit Court of Cook County. *Poulas v. Naas Foods, Inc.,* 959 F. 2d 69, 73 (7th Cir. 1992). It is therefore not the burden of this Court to decide, as in motion to dismiss cases cited by Defendants, whether Illinois state law unequivocally supports Plaintiff's claims, but rather is it possible the Illinois courts would.

# DISCUSSION

Plaintiff has alleged a cause of action against MDD under both the Illinois Insurance Code (the "Code") as it applies to claims adjusters and a common law count for bad-faith. Defendants' assertion that the only cause of action is under the Illinois Insurance Code is false. The factual allegations of the complaint and the legal assertions and general prayer for relief also assert a cause of action against MDD for common law bad faith. Paragraph 1 of the "COMPLAINT FOR BREACH OF CONTRACT AND BAD FAITH" states:

> *This is an action by SAVINO DEL BENE U.S.A., INC. ("Savino" or the "Company"), a New York corporation, duly registered in State of Illinois with its corporate headquarters in Cook County, against its insurance company (Hartford), and the independent insurance claims adjusters hired by Hartford, for breach of contract and bad-faith . . . .*

Under the state court pleading standards, the allegations of the complaint are sufficient to state a cause of action against MDD both under the Code and under common law.

The adjusting of insurance claims is an activity that is governed by the Illinois Insurance Code, and independent claims adjusters such as MDD enjoy no blanket immunity for their improper claims conduct. The fact that no Illinois case is on point does not negate the plain language of the Illinois Insurance Code.

The Defendants' citation to *Cummings Foods, Inc. v. Great Central Insurance Company*, is not on point as this case involves a bad-faith claim against an insurance agent. 108 Ill. App.3d 250 (4th Dist. 1982). Insurance agents (now called Producers under the Insurance Code) perform functions very different from insurance claims adjusters. Producers sell and obtain insurance for policyholders and are insulated by the Illinois Insurance Producer's Liability Act. Insurance claims adjuster enjoy no such immunities. Also, in *Cummings Foods*, the specifically held "it is clear that the insurer was acting fairly with insured in asserting a policy defense within the language of the agreement. The agent who denied the claim on the same basis could not be said

to have acted in bad faith and unfairly." *Id.* at 257. Therefore, having already decided that bad faith was not sufficiently alleged, the Court's conclusion as to the application of Section 155 is at best dicta without any reasoned support and does not apply to claims adjusters.

Interestingly, the *Cummings Foods* Court also took note of *Landau v. Landau*, 409 Ill. 556 (1951), as authority that an agent may be held liable to a third person for taking an affirmative role in breaching a duty owed by the principal to the third party – which mirrors the allegations in this case. *Landau* provides a further basis for finding that the possibility of claim exists against the non-diverse defendant claims adjusters.

Defendants also cite *Lyon Metal Products v. Protection Mutual Insurance*, 321 Ill. App. 3d 330 (2nd Dist. 2001), but that case provides no support to Defendants as it did not involve any claims adjusters or agents, but was a straight forward bad-faith case against an insurance company.

Despite Defendants' claims, the independent tort for bad faith is alive and well in Illinois. *Cramer v. Insurance Exchange Agency*, 174 Ill.2d 513, 675 N.E.2d 897 (Ill. 1996).

In any event, if MDD cannot be liable under the Illinois Insurance Code, despite engaging in activities as defined by the Code as constituting the transaction of insurance business, then none of the *Cramer* or Code restrictions would apply and MDD would still be liable under and independent tort theory or the Illinois Consumer Fraud statute.

The case law of other states supports this position that a cause of action lies against independent insurance adjusters and despite the fact that Defendants have identified states that do not agree with this position, the fact is that Illinois has no case on point. Defendants cannot therefore negate the possibility that Illinois would follow the jurisdictions that support an independent cause of action in tort against claims adjusters.

In Massachusetts, in *Curley v. Safety Kleen Corporation*, Index No. 96-0365, May 31, 2000, the Court held that an independent adjusting firm could be liable under Massachusetts Law § 93A for unfair or deceptive acts or practices. The Massachusetts court found that a third party adjusting firm failed to effectuate a prompt, fair and equitable settlement of the insured's claim despite the fact that liability was clear and therefore its actions constituted a willful and knowing violation of state law. *Accord, Taylor v. Nationwide Mutual Ins. Co.* 214 W. Va. 324, 589 S.E.2d 55 (2003)(the court held that an employee claims adjuster could be personally liable for unfair claims settlement practices under the West Virginia Unfair Trade Practices Act); *Continental Ins. Co. v. Bayless and Roberts, Inc.*, 608 P.2d 281 (Alaska 1980)(jury found that the adjuster negligent and awarded $10,000 in damages); *Bass v. California Life Ins. Co.*, 581 So. 2d 1087 (Miss. 1991)(an insurance adjusting company can be liable for gross negligence in adjusting a claim.); and in *Kirkpatrick v. Merit Behavioral Care Corp.*, 128 F. Supp. 2d 186 (D. Vt. 2000) (third party administrator was potentially directly liable to insured).1

## CONCLUSION

Here, Plaintiff has set forth valid causes of action against the non-diverse Defendant MDD. The adjusting of insurance claims is an activity that is governed by the Illinois Insurance Code and Plaintiff is entitled to seek action against a company that engages in the business of insurance by adjusting claims. In the event the Illinois Insurance Code does not apply, then Plaintiff is free to pursue (and has stated a factual basis for) a cause of action against MDD in common law tort or under the Illinois Deceptive Trade Practices Act.

---

1 "Policyholder Claims Against Insurance Adjusters," David S. Wilck, American Bar Association's Professional Liability Litigation Committee Newsletter, July 2009.

WHEREFORE, Plaintiffs respectfully request that this matter be remanded to state court pursuant to 28 U.S.C. section 1447(c) and that Plaintiffs be awarded just costs and expense, and grant any further or relief this Court deems equitable or just.

Dated: October 18, 2011

SAVINO DEL BENE, U.S.A., INC.

By: /s/ David S. Klevatt
One of its attorneys

David S. Klevatt, Esq. (#6198947)
KLEVATT & ASSOCIATES, LLC
33 North LaSalle Street, Suite 2100
Chicago, Illinois 60602-2619
(312) 782-9090