# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Edmond E. Chang | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 6103 | **DATE** | 9/7/2012 |
| **CASE TITLE** | Savino Del Bene, U.S.A., Inc. vs. The Hartford Financial Services Group, Inc. et al | | |

**DOCKET ENTRY TEXT**

For the reasons discussed in the Statement, Plaintiff's motion to remand [20] is granted. This action is hereby remanded to the Circuit Court of Cook County, Illinois. Status hearing vacated.

■[ For further details see text below.]

## STATEMENT

Defendants, The Hartford Financial Services Group, Inc., and Hartford First Insurance Company, removed this case on the basis of diversity jurisdiction. R. 1. Plaintiff Savino Del Bene, U.S.A., Inc. is a citizen of New York and Illinois. *Id.* at 3. Hartford concedes that one of the defendants, Madson, Driscoll & Damico, LLP, is also a citizen of Illinois, and thus normally would thwart complete diversity. *Id.* But Hartford argues that Madson's citizenship should not be considered because Madson is fraudulently joined. *Id.* at 3-4. Savino filed a motion to remand, arguing that Madson is not fraudulently joined. R. 20. For the reasons stated below, Savino's motion to remand is granted.

Hartford must clear a high hurdle to prove fraudulent joinder: "Fraudulent joinder is difficult to establish—a defendants must demonstrated that, after resolving all issues of fact *and law* in favor of the plaintiff, the plaintiff cannot establish a cause of action against the in-state defendant." *Schur v. L.A. Weight Loss Centers, Inc.*, 577 F.3d 752, 764 (7th Cir. 2009) (emphasis originally from omitted internal quotation). Stated differently, the Court must ask whether there is "any reasonable possibility that the plaintiff could prevail against the non-diverse defendant." *Id.* (internal quotation omitted).

Madson was retained by Hartford as the claim adjuster for a claim filed by Savino with Hartford. *See generally*, R. 1-1. The claim was denied. *Id.* ¶ 20. The facts of the underlying claim are laid out in detail in the state-court complaint, but for purposes of the present motion, the preceding facts, coupled with the complaint's allegations are all that are needed. The question is whether there is a reasonable possibility that Savino could prevail against Madson. Savino's two-count complaint alleges a claim for "bad faith" against Madson. *Id.* ¶ 31 ("Hartford and its claim handler's conduct . . . constitutes unreasonable and vexatious conduct . . . .") Hartford advances several alternative arguments to resist remand and to show that there is no reasonable possibility against Madson. In light of the substantial burden to show fraudulent joinder, all of these arguments fail.

## STATEMENT

Hartford first correctly notes that a claim under the Illinois Insurance Code, 255 ILCS 5/155, cannot proceed against Madson, because Madson did not issue the insurance policy. R. 27 at 1-2. Savino argues that a claim under Section 155 can proceed against an agent of the insurer, such as Madson. R. 21 at 2-3. Illinois law is clear that liability under Section 155 is limited specifically to insurers. *Cummings Foods, Inc. v. Great Cent. Ins.*, 439 N.E.2d 37, 44 (Ill.App. 1982); *Cramer v. Ins. Exch. Agency*, 675 N.E.2d 897, 901 (Ill. 1996) (the statute was designed "to punish *insurers*" (emphasis added)). Tellingly, Savino does not cite an Illinois case that has held a non-insurer liable under Section 155.

But Savino still maintains that it could be successful under a common law theory of bad faith. R. 21 at 3. Hartford's first response to this argument is that the complaint simply fails to allege any such claim against Madson. R. 27 at 5-6. But that conclusion arises from a far-too-strict reading of the complaint. Count 2 of the complaint is captioned "Bad Faith." R. 1-1 at 9-10. To be sure, the second paragraph of Count 2 specifically references Section 155. *Id.* at ¶ 30. But, as noted above, paragraph 31 more generally alleges a claim against Hartford and Madson for unreasonable and vexatious conduct, albeit with reference to the Insurance Code. *Id.* ¶ 31. But the reference to Section 155 is not only reasonable, but necessary for Savino to pursue a claim for *Hartford*'s alleged vexatious and unreasonable conduct. *Cramer*, 675 N.E.2d at 903. (Whether there is a similar, potential claim against Madson is discussed in the next paragraph.) Given that Savino's claim for Hartford's vexatious conduct could *only* proceed under Section 155, the mere reference to that section does not compel the Court to find that Count 2 of the complaint does not assert a claim for common law bad faith. And to "find" that the complaint does not assert a claim is a too-crabbed way of reading a complaint in light of the general rule that a complaint need only make a "short and plain statement of the claim." Fed. R. Civ. P. 8(a)(2). The complaint does allege a claim for bad faith against Madson.

Harford's alternative argument is that, even if the complaint is construed to assert a claim against Madson for common law bad faith, no such claim exists in Illinois, and so there is no potential for Hartford to succeed on that claim. R. 27 at 6. Citing *Cramer*, but without a pinpoint citation, Savino asserts that "Illinois courts have created an independent tort for bad faith." R. 21 at 3. *See also* R. 29 at 3 ("[T]he independent tort for bad faith is alive and well in Illinois.") Hartford is more measured in its argument, noting that although Illinois courts have not ruled definitively on the issue, "the creation of a common law bad faith tort against non-insurers . . .would be highly inappropriate." R. 27 at 7. Hartford concedes that this is an issue of first impression for Illinois courts. *Id.* at 8. Savino seizes on this admission and argues that it must prevail because "Defendants cannot . . . negate the possibility that Illinois would follow jurisdictions that support an independent cause of action in tort claims adjusters." Hartford replies that a plethora of cases in other states would hold that no claim can proceed against Madson (largely because Madson is not in privity of contract with Savino). R. 27 at 8-9.

But there are some states that have recognized a common law action directly against an agent of the insurer by the insured. *See e.g., Continental Ins. Co. v. Bayless and Roberts, Inc.*, 608 P.2d 281, 288 (Alaska 1980) (allowing claim against insurance agent for negligence); *Bass v. California Life Ins. Co.*, 581 So. 2d 1087, 1089-90 (Miss. 1991) (adjusters who were not party to the insurance contract are not subject to an implied duty of good faith, but adjusters could be liable for "gross or reckless negligence"). Although these jurisdictions appear to be in the minority on this issue, their recognition of potential common-law liability against a claim adjuster means that Illinois courts would not be alone in recognizing a similar form of

| STATEMENT |
|---|
| liability. Moreover, the rationale underlying these minority holdings is not particularly difficult to grasp or unreasonable: claim handlers are often given substantial authority over the resolution of an insurance claim, and one can understand why some jurisdictions would want to specifically penalize a claim handler for vexatious conduct. At the least, it is reasonably possible that a claim could proceed against Madson due to the alleged vexatious conduct. In light of that reasonable possibility, Hartford cannot show fraudulent joinder. For that reason, the motion to remand is granted.<br><br> One final note. Generally, a plaintiff's choice of forum is given deference. *Poulos v. Naas Foods, Inc.*, 959 F.2d 69, 72 (7th Cir. 1992). Although this deference to forum choice might be in tension with the apparent purpose of removal—allowing a defendant to escape a plaintiff's home court for neutral territory—general deference to a plaintiff's choice of forum is consistent with the courts' general principle of limited federal jurisdiction. *Id.* Here, Savino opted to pursue his claims in Illinois state courts. That forum is particularly appropriate in the present case because, as noted above, the questions of liability of an insurance handler have not been definitively addressed by Illinois courts. Remand now allows the Illinois courts the opportunity to provide authority and direction on this issue. The motion to remand [R. 20] is granted. |